UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LAWRENCE BUSTAMANTE, | ) | Case No. 06-01810 |
| | ) | |
| Debtor. | ) | Hon. JOHN D. SCHWARTZ |

**Trustee's Final Report**

To:   The Honorable JOHN D. SCHWARTZ
       United States Bankruptcy Judge

NOW COMES BARRY A. CHATZ, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.    The Petition commencing this case was filed on February 27, 2006. BARRY A. CHATZ was appointed Trustee on the February 27, 2006. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.    The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.    The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $384,000.00. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.    A summary of the Trustee's final account as of June 30, 2007 is as follows:

| | | |
|---|---|---|
| a. | RECEIPTS (See Exhibit C) | $397,830.98 |
| b. | DISBURSEMENTS (See Exhibit C) | $209,794.93 |
| c. | NET CASH available for distribution | $188,036.05 |

d.  TRUSTEE/PROFESSIONAL COSTS:
    1.  Trustee compensation requested    $17,719.90
        (See Exhibit E)
    2.  Trustee Expenses    $71.70
    3.  Compensation requested by attorney or other professionals for Trustee (See Exhibit F)
        (a.)  Cohen & Krol
            *Attorney for Trustee Fees*    $7,590.50
            *Expenses*    $86.34
        (b.)  Popowcer Katten Ltd.
            *Accountant for Trustee - Fees*    $1,545.50

5. The Bar Date for filing unsecured claims expired on August 1, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

a.  Chapter 7 administrative claims and 28 U.S.C. §1930 claims    $27,013.94

b.  Allowed priority claims    $166.00

c.  Allowed unsecured claims    $48,870.33

7. Trustee proposes that unsecured creditors receive a distribution of 100.00% of allowed claims plus 4.72% interest.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| BARRY A. CHATZ<br>*Trustee Compensation* | $0.00 | $17,719.90 | $71.70 |
| COHEN & KROL<br>*Attorney for Trustee* | $0.00 | $7,590.50 | $86.34 |
| POPOWCER KATTEN LTD.<br>*Accountant for Trustee* | $0.00 | $1,545.50 | $0.00 |

9.  A fee of $0.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

DATE: 7/20/07

Respectfully Submitted

Signature

BARRY A. CHATZ, Trustee
120 S. RIVERSIDE PLAZA
SUITE 1200
CHICAGO, IL  60606-0000

## TASKS PERFORMED BY THE TRUSTEE

Barry A. Chatz was appointed Trustee on February 27, 2006 and was successful in selling the debtor's real property for the sum of $395,177.97, a sum far in excess of the debtor's indicated fair market value of $275,000.00. The debtor owned a gas station on the southeast side of Chicago. Upon the Trustee's appointment, the Trustee reviewed the recent sale prices for similar commercial property sites located in the vicinity of the debtor's property and determined that the fair market value was significantly higher than the $275,000 the Debtor had indicated. The Trustee inspected the property, obtained and reviewed a detailed environmental report, and hired a broker with extensive experience marketing commercial real estate. The Trustee also had conferences with an auctioneer to determine the value of the debtor's car lifts and other equipment.

The Trustee responded to telephone calls from interested potential purchasers seeking information regarding the sale of assets. The Trustee received multiple offers for the gas station. The Trustee reviewed and revised contracts submitted by prospective purchasers. The Trustee had numerous conferences with his counsel regarding contracts submitted and other issues related to the sale. The Trustee successfully resolved several issues that had to be finalized before the closing could occur. The Trustee's efforts resulted in the creation of an estate that will be paying creditors a 100.00% distribution plus interest, as well as, returning a substantial surplus to the debtor.

The Trustee was also responsible for the day to day administration of the bankruptcy estate. The duties carried out by the Trustee were as follows:

1. Review of the Debtor's financial records and real estate documents.
2. Establishment and monthly reconciliation of the Estate bank account.
3. Examination of the Debtor at the first meeting of creditors and on subsequent occasions.
4. Review of the claim's docket and the claims as filed.
5. Conferences with accountant and review of tax return.
6. Preparation of the Trustee's Final Report, Application for Trustee Compensation and related documents for the closing of the case.
7. Attendance at the Final Hearing.
8. Issuance of checks for the final distribution and preparation of the Trustee's Final Account.

**EXHIBIT A**

1160173-1

## DISPOSITION OF ESTATE PROPERTY

| Scheduled Property & Disposition | | Amount Realized |
|---|---|---|
| Real Property – | | $395,113.42* |
| Gas station located at 4025 E. 106th Street, Chicago, IL | | |
| Scheduled Value: | $275,000.00 | |
| Sales Price: | $395,000.00 | |
| Water Credit: | $113.42 | |
| Less: | | |
| Mortgage Payoff: | $78,154.94 | |
| Shone, Strazzante & | | |
| Strazzante (lien) | $81,152.50 | |
| Realtor Fee: | $23,900.00 | |
| County Taxes: | $4,965.03 | |
| State/City Tax/Stamps: | $592.50 | |
| Title Insurance: | $1,265.00 | |
| Closing Costs: | $881.50 | |
| Payment to SCCS: | $40.00 | |
| Net Funds to Estate: | $204,754.45 | |
| Additional funds from sale: | | $64.55 |
| | | |
| Real Property – 9420 Julia Drive, St. John, IN | | Abandoned |
| Scheduled Value: | $376,000.00 | |
| Less: | | |
| Mortgage Lien: | $319,500.00 | |
| Est. Closing Costs: | $30,000.00 | |
| Est. Net Proceeds to Estate: | $26,500.00 | |
| 50% of proceeds to wife: | $13,250.00 | |
| Debtor Exemption: | $15,000.00 | |
| Net to Estate: | $0.00 | |
| | | |
| Checking Accounts: $2,686.00 | | Exempt |
| Household Furnishings: $1,250.00 | | Exempt |
| Term Life Insurance Policy: $0.00 | | Abandoned |
| IRA – New York Life: $4,500.00 | | Exempt |
| stock: $0.00 | | Abandoned |
| Automobiles: | | |
| 2001 Lincoln Navigator: $8,000.00 | | Abandoned |
| Claimed Exemption: $2,400.00 | | |
| Lien: $8,695.00 | | |
| 1994 Chevy S10 Pickup: $500.00 | | Exempt |
| | | |
| Machinery & Equipment: $46,400.00 | | *included above |
| located at gas station | | |
| *sold with real property* | | |
| | | |
| **Unscheduled Property** | | |
| Interest Earned | | $2,653.01 |

**EXHIBIT B**

| | |
|---|---|
| TOTAL RECEIPTS | $397,830.98 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | $384,000.00 |
| TOTAL SCHEDULED VALUE EXEMPT PROPERTY | $8,936.00 |

**EXHIBIT B**